IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JUDY L. BERMAN, )
)
    Plaintiff, )
)
vs. )
)
ANCHORAGE POLICE DEPT., )
OFC. ROBERT DUTTON, and )
SGT. GIL DAVIS, )
)
    Defendants. )
_____ )

Case No. A04-0227 CV (JKS)

## MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS

COMES NOW the plaintiff, Judy L. Berman, by and through counsel, and hereby moves this Court for an order precluding the defendants' proposed expert witness, Officer John Daily, from testifying at trial in this matter.

This motion is based on the following: (1) The defendants provided their expert witness disclosure pursuant to FRCP 26(a)(2) more than six weeks after the deadline established by the Court in its Scheduling and Planning Order. (2) Officer Daily is not qualified as an expert under Rule 702 of the Federal Rules of Evidence, and his testimony will not assist the jury as required under that Rule. (3) The defendants have not provided all of the information required in FRCP 26(a)(2) in their disclosure.

### STATEMENT OF POINTS AND AUTHORITIES

**1. The defendants did not provide timely disclosure.**

The Court issued its Scheduling and Planning Order on June 13, 2005. Paragraph (6) of

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

36

the Discovery section of the Order stated that discovery must be completed by December 30, 2005. Paragraph (4) ordered that expert witness disclosure in accordance with Rule 26(a)(2) must be made no later than 90 days before the close of discovery, which was October 1, 2005. The defendants served the plaintiff with their Expert Disclosure on November 18, 2005, **48 days after the deadline ordered by the court.** (Exhibit 1, page 2). The plaintiff was prejudiced by this lack of compliance with the Court's order, and requests that this witness not be allowed to testify at trial.

**2. Officer Daily is not qualified as an expert under Evidence Rule 702**

Rule 702 of the Federal Rules of Evidence states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Anchorage Police Department, Sgt. Davis and former Officer Dutton (hereinafter "the Department" "Davis" and "Dutton") have given notice that they intend to have Senior Patrol Officer John Daily testify as an expert witness at trial. Plaintiff Judy Berman's (hereinafter "Berman") complaint in this case alleges violation of Constitutional rights, false arrest, assault and battery, malicious prosecution, and outrageous and malicious conduct justifying punitive

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 2 of 8

damages, based on the officers' conduct. She alleges that Dutton approached her after she had sounded her car horn in the Carrs Huffman parking lot; that she answered his questions, and after he made it clear that the conversation was over, she said, "Have a great night" and began to walk away. She further states that the officer approached her again after she had begun to walk away and asked for identification, and that at the store entrance Dutton and Davis grabbed hold of her arms with excessive force and would not release her unless she produced identification. Berman further maintains that she was attempting to comply with their request, and was holding her wallet in her hands when Davis suddenly grabbed it and removed her driver's license without her consent, and that the officers then proceeded to arrest and handcuff her without justification and with excessive force. (*See* Plaintiff's Complaint).

The officers' accounts of the incident are similar to Berman's in some respects, and different in others. Dutton admits, for example, that Berman stopped and spoke with him briefly, and that he did not ask her for identification until after, according to him, she had said "Have a nice day" and started to walk away (Exhibit 2, page 1). Davis admits that he took Berman's wallet from her hands without her permission and looked through it without her permission. (Exhibit 3, page 2, and Exhibit 4).[1]

The issues in this case do not require scientific, technical, or other specialized knowledge to assist the jury in understanding the evidence or determining a fact or issue, and Officer Daily's testimony will not help the jury. Officer Daily is simply providing his own subjective opinion,

---

[1] Davis apparently claims that the Requests for Admissions and Interrogatories (Exhibit 3) are actually the second set of discovery requests to him, rather than the first. The previous discovery requests, however, were propounded to Defendant Anchorage Police Department, not to Davis.

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 3 of 8

based upon his review of the police reports, and his interview with an individual (Sharon Chen) who is not even alleged to have witnessed the interaction between Berman and the officers.[2] Officer Daily did not interview Berman to get her side of the story, or even, apparently, interview Dutton and Davis. He merely reviewed the police reports and accepted the officers' representations, even though many of their statements are disputed by Berman. In doing so, he usurped the jury's role as finder of fact. It is also clear that his opinion does not meet Rule 702's requirement that it be "based upon sufficient facts or data" and that it be "the product of reliable principles and methods."

Officer Daily also misstates or mischaracterizes the applicable law a number of times in his report. For example, on page 2 and 3 of his report, he states that under AMC 9.12.030(A) "she is required to produce her license at the demand of a police officer or judge." (Exhibit 1, page 8-9) However, it is clear that Dutton wanted her ID to find out her identity, not to determine whether or not she was licensed to drive a car. In *Schraff v. State,* 544 P.2d 834 (Alaska 1975), the Court held that, " a licensing statute cannot be used for purpose of finding out who a [person] is . . . In other words, the licensing statute cannot be used as a means for obtaining information or evidence not related to the licensing requirement." *Id.* at 839.

Another example is on page 3 of the report (Exhibit 1, Page 9), where Officer Daily writes,

> She pulled out her wallet from her purse and Sgt. Davis told her to produce her identification and she refused even though she had told them that it was in the

---

[2] Officer Daily makes much of the fact that Ms. Chen alleges that Berman was screaming at her, an allegation that Berman adamantly denies.

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 4 of 8

wallet. **Sgt. Davis says in his report that he took her purse from her then to get her I.D./O.L.** and she then tried to pull away from Ofc. Dutton. At this time both officers took hold of her, placed her arms behind her back and placed her in cuffs, taking the detention by their presence to a physical arrest, once again based on more than sufficient probable cause. (Emphasis added)

In the following paragraph, he writes, "Regardless of whether he took [the wallet] from her hands or the floor though, he had the right to do so in either case." This statement is totally conclusory, and is certainly not an accurate statement of the law. In *City of Kodiak v. Samaniego,* 83 P.3d 1077, which is discussed further below, the Court upheld the exclusion of testimony from an expert whose report "contained solely conclusory opinions . . . ." *Id.* 1088.

And, obviously, Officer Daily did not address the absurdity of the officer's taking Berman's wallet from her in order to obtain her identification, and then arresting her for failing to provide identification.

Cases interpreting Alaska's Evidence Rule 702, which is similar to the Federal Rule, have consistently prohibited this type of expert testimony, finding that it invades the province of the jury and is not helpful to the finder of fact. In *Spenard Action Committee v. Lot 3, Block 1, Evergreen Subdivision,* 902 P.2d 766 (Alaska 1995), the defendants argued that police officers should not have been permitted to testify as expert witnesses on the issue of whether the property in question operated as a house of prostitution. The Court agreed with Lot 3's position that "police officers do not qualify as expert witnesses under the criteria of Alaska Rule of Evidence 702, and that such testimony invaded the province of the fact finder." *Id.* at 780. The court further stated that "the helpfulness standard requires that experts 'stop short of stating their own

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 5 of 8

conclusions on [points that] the jury is at least equally capable of [determining].' " (Citation omitted) *Id.* at 780.

And in *City of Kodiak v. Samaniego,* 83 P.3d 1077 (Alaska 2004) the Court upheld the Superior Court's decision to exclude the testimony of Michael A. Brave, Kodiak's "use of force" expert witness. The Court affirmed the Superior Court's determination "that Brave's opinion as to the reasonableness of force standard would not assist the jury and therefore did not satisfy the requirements of Alaska Rule of Evidence 702." *Id.* at 1088. The Court further noted that the Superior Court

> reasoned that this testimony would not help the jury because it would "usurp [ ] the court's role of instructing the jury on the applicable law." The superior court also noted that Kodiak sought to have Brave apply the standard of reasonable force to the facts of the case. The court found this problematic because "[i]n so testifying, Mr. Brave may be making his own credibility determinations regarding the witnesses in the case."

*Id.* at 1088.

In this case, as in the cases cited above, it is up to the jury to make factual findings, and to apply the law to the facts of the case, based on the Court's instructions. Officer Daily's opinion will not be helpful to the jury.

### 3. The Defendants have not fully complied with FRCP 26(a)(2)(B).

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure sets forth the requirements of the report that must accompany the expert witness disclosure when a witness is "retained or

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 6 of 8

specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony". One of the requirements is that the report contain "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

The report provided by the defendants does not comply with this requirement. Page three of Officer Daily's resume contains the statement that "I have been declared an expert in court three times as a crime scene and trajectory expert," but does not state whether this was during the last four years, and if so, list the names of the cases as required by the rule. (Exhibit 1, page 6). It is also worth noting that Officer Daily has not testified as an expert in police procedure.

### 4. Conclusion

Based upon the foregoing, the plaintiff respectfully requests that the Court issue an order precluding John Daily, the defendants' proposed expert witness, from testifying at trial.

DATED this 16th day of December, 2005.

LAW OFFICES OF JOHN C. PHARR
Attorneys for Judy L. Berman

By: _____
John C. Pharr
Alaska Bar No. 8211140

Bv # 7811100

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 7 of 8

Certificate of Service

I certify that on the __19__ day of December, 2005, a true and correct copy of the foregoing document was mailed to:

Mary Pinkel
Assistant Municipal Attorney

_/s/ Sharon Leippi_
Sharon Leippi

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Berman v. Anchorage Police Dept. et. al
Case No. A04-0227 CIV (JKS)
Motion to Exclude Testimony of Expert Witness.wps page 8 of 8