Mary B. Pinkel
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska  99519-6650
(907) 343-4545
pinkelmb@muni.org

Attorney for Defendants Anchorage
Police Department, Officer Robert Dutton,
And Sergeant Gil Davis

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| OFC. R. DUTTON, and SGT. G. DAVIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

U.S. District Court Case No. A04-227 CIV (JKS)

**OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS**

**I. INTRODUCTION**

Defendants, the Anchorage Police Department, Robert Dutton and Gil Davis, by and through their counsel, Assistant Municipal Attorney Mary B. Pinkel, hereby oppose the motion to exclude the testimony of expert witness John Daily. As discussed below, the Plaintiff's motion lacks merit.

## II. ARGUMENT

### A. THE DEFENDANTS' DISCLOSURE WAS MADE AS SOON AS COUNSEL DETERMINED THAT AN EXPERT WAS NEEDED FOR THE DEFENSE OF THIS CASE.

The Plaintiff first argues that the defendants' disclosure of Officer John Daily as an expert is untimely and that she has been "prejudiced" by this disclosure. However, as the attached affidavit of counsel indicates, current counsel for the defendants was assigned the case in mid-September, 2005, and filed a substitution of Counsel on October 3, 2005. See, Affidavit of Mary B. Pinkel, paragraphs 2 and 3, and Substitution of Counsel dated October 3, 2005. At the time counsel took over the defense of case, no depositions or written discovery, other than the exchange of initial disclosures, had occurred. Affidavit of Mary B. Pinkel, paragraph 4. It was not until late October, 2005, when counsel had the opportunity to review and prepare responses to the Plaintiff's first set of discovery requests to the defendants, that she determined that an expert witness on the issue of proper police procedures and training would be needed. Id., paragraph 5. Accordingly, as soon as counsel made this determination, she quickly found an expert to assist her. Id. Counsel provided a disclosure on Officer Daily to the Plaintiff as soon as she could, on November 18, 2005. Id., paragraph 6. Moreover, no trial date has yet been set, and the disclosure was made well before the close of discovery. Id., paragraph 7. The plaintiff made no effort to depose Officer Daily. Id. Therefore, under these circumstances -- the fact that a new attorney had

just recently took over the defense of the case and the fact that no discovery had been done prior to October, 2005 -- the disclosure of Officer Daily is not prejudicial to the Plaintiff.

### B. OFFICER DAILY IS QUALIFIED AS AN EXPERT UNDER FEDERAL RULE OF EVIDENCE RULE 702, AND HIS TESTIMONY WILL ASSIST THE JURY.

The Plaintiff next argues that "the issues in this case do not require scientific, technical, or other specialized knowledge to assist the jury in understanding the evidence or determining a fact or issue, and Officer Daily's testimony will not help the jury." Plaintiff's Motion to Exclude, page 3. Plaintiff further argues that Officer Daily has "usurped the jury's role as finder of fact" and that his opinion does not meet Rule 702's requirement that it be "based upon sufficient facts or data" or that it be "the product of reliable principles and methods." Id. These arguments are without merit. Contrary to the Plaintiff's arguments, Officer Daily is well qualified to render expert opinion testimony in this case on the issue of the appropriate standard of conduct of officers who must deal with citizens who behave as Ms. Berman behaved on April 4, 2002.[1]

Federal Rule of Evidence 702 requires a district court to act as a gate-keeper in screening the admissibility of expert testimony. *McCloughan v. City of Springfield,* 208 F.R.D. 236 (C.D. Ill. 2002); *Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579,

---

[1] It is undisputed that Ms. Berman honked her horn at the Chens several times. It is also undisputed that she failed to cooperate with the officers when they attempted to investigate her rather bizarre behavior.

113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In *Daubert*, the United States Supreme Court clarified that an expert may testify after the trial judge determines that the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *McCloughan, supra,* 208 F.R.D. at 238, citations omitted. "Furthermore, Rule 702 makes clear that an individual may be authorized to render expert opinion testimony on an issue based upon his experience." *Id.* at 239, referencing Fed. R. Evid. 704 (a)( providing that expert opinion can be based on an inference and can embrace an ultimate issue) and *United States v. Brumley*, 217 F.3d 905, 912 (7th Cir. 2000) ( holding that an expert's opinion was proper because it was based on his experience, not on representing to the jury that he possessed any "special knowledge").

"In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Advisory Committee Notes to 2000 Amendments to Federal Civil Judicial Procedure and Rules, page 433. "The *Daubert* inquiry is a 'flexible one' and is not designed to serve as a 'definitive checklist or test,' but rather to ensure 'that an expert, whether basing testimony upon professional studies or personal experience employs in the courtroom the save level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *McCloughan v. City of Springfield, supra,* 208 F.R.D. 236, 238, citing *Bryant v. City of Chicago*, 200 F.3d 1092, 1098 (7th Cir. 2000). Moreover, a review of the federal case law decided after *Daubert* shows that the rejection of expert testimony is the

exception rather than the rule." See, Advisory Committee Notes to 2000 Amendments to Federal Civil Judicial Procedure and Rules, *supra,* page 403.

In the present case, the resume of Officer Daily, provided by the Defendants with their expert disclosure, establishes that Officer Daily has extensive practical and teaching experience in regard to police and law enforcement practices. See, Resume of Officer Daily, Exhibit 1 to Plaintiff's Motion to Exclude. For example, Officer Daily is a senior patrol officer with the Anchorage Police Department ("APD.") Id., page 3. Officer Daily has taught "Officer Survival" in every Anchorage Police Department Academy since 1982, Id., page 6. This instruction has consisted of at least 100 hours per academy. Id., page 6. He has also served on the APD Special Weapons and Tactics ("SWAT") team. Id, page 3. Officer Daily has served as a certified police instructor for 23 years. Id. He has also taught for the Santa Barbara and Costa Rica Police Departments, in addition to the police reserves, explorer scouts, state and federal park rangers, and IRS criminal investigations units. Id., page 6. He was honored as the APD Police Officer of the Year in 1986 and 1996, and received medals of valor in 1999 and 2003. Id. Accordingly, Officer Daily is more than qualified to serve as an expert on the issue of proper APD procedures and training with respect to the response of Officers Dutton and Davis to the bizarre behavior of Ms. Judy Berman on April 6, 2002.

Secondly, Officer Daily's testimony will be helpful to the jury. Expert testimony on police practices and procedures, including the use of force, is generally admissible in a

Section 1983 excessive force case. *McCloughan v. City of Springfield, supra,* 208 F.R.D. 236, 239, referencing *Kladis v. Brezek,* 823 F.2d 1014, 1019 (7th Cir.1987); *Calusinksi v. Kruger,* 24 F.3d 931, 937 (7th Cir. 1994). The present case involves claims by Ms. Berman for false arrest, assault and battery, malicious prosecution, violation of civil rights under 42 USC Section 1983, and for punitive damages. See, Complaint dated April 5, 2004. The expert report of Officer Daily provides information on police practices which will be of great assistance to the court in examining these claims.

In *McCloughan, supra,* a motorist who was allegedly beaten by an off- duty police officer after he backed his vehicle into the officer's personal vehicle brought suit under Section 1983 against the officer for excessive force and for state law battery, and against the city under a theory of respondeat superior. The court allowed the defense to present expert testimony concerning the proper procedures to be used by law enforcement officials when restraining arrestees who resist arrest, how and when an officer should decide to go from off- duty to on- duty officer, and the propriety of the Springfield Police Department's Rules of Conduct. *Id.* at 239. Because crucial facts were in dispute, the court did not allow the expert to testify as to whether proper procedures were followed by the officers whose conduct was at issue. *Id.* The court explained that if it were to allow the expert to render an opinion on whether the officers had followed proper police procedures, it would be allowing the expert to relay credibility findings to the jury regarding the witnesses' testimony. *Id.* The court

further found that where the defendant's behavior had been unambiguously dangerous (kicking someone in the head when he has been restrained on the ground), expert testimony on this subject would not "assist" the trier of fact and was therefore not admissible. *Id.* The court reasoned that it did not take an expert to determine that kicking someone in the head was extremely dangerous. *Id.*

In contrast to the expert testimony in the *McCloughan* case, the testimony of Officer Daily will be extremely helpful to the triers of fact in all respects. First, unlike the *McCloughan* case, many of the crucial facts in this case are not in dispute. For example, Ms. Berman does not dispute the fact that she honked her horn repeatedly at the Chens. She does not dispute the fact that she walked away from Officer Dutton as he tried to question her about her behavior. The officers do not dispute that they restrained Ms. Berman, and that one of the officers removed her identification (her driver's license) from her. Therefore, Officer Daily has not been requested to provide a credibility assessment of the officers or of Ms. Berman. Rather, he has been asked to comment upon the undisputed actions that the officers took in response to Ms. Berman's erratic and increasingly explosive behavior. Such issues as the decision to stop and question Ms. Berman; the decision to restrain and handcuff her; the manner in which the officers restrained and handcuffed Ms. Berman; and the decision to remove her wallet from her purse, are issues which Officer Daily discusses in his report . See, Report of Officer Daily.

The expert opinion by Officer Daily with respect to all of these areas of the police officer's conduct in dealing with Ms. Berman will provide great assistance to the jury and to the court, for the layperson would not otherwise know what actions are proper for police officers who must respond to explosive and erratic behavior on the part of members of the public. For example, unlike the police officer in the *McCloughan* case, who kicked the Plaintiff arrestee as he lay on the ground, the police in this case used a progressive and gentle means of dealing with Ms. Berman, which included the use of a sleeve guide. A lay person would not be familiar with this procedure. Gradually, as Ms. Berman's behavior escalated, the officers had to handcuff Ms. Berman. Again, a lay person would not be familiar with this procedure as well.

The Plaintiff erroneously relies on Alaska case law in her motion. Because the Plaintiff's motion relates to evidentiary issues, it is federal and not state law which applies to the court's analysis here. Nonetheless, contrary to the Plaintiff's arguments, Alaska law does not support her position. In the recent case of *Marron v. Stromstad*, 123 P.3d.992 (Alaska 2005), the court limited its application of *Daubert* to expert testimony based on scientific theory, as opposed to testimony based upon the expert's personal experience. *Id.* at page 1007. The court stated as follows: "Where the expert testimony is plainly derived from experience – and not the scientific method – and is not dependent on sophisticated scientific theory, *Daubert* does not apply." *Id.* The court therefore allowed the expert testimony of an

accident reconstruction expert whose opinion derived not from scientific experience but from years as a police officer in investigating traffic accidents.

The Plaintiff's reliance on the *Kodiak v. Samaniego,* 83 P.3d 1077 (Alaska 2004), is also misplaced. Unlike the present case, the expert on police procedures in that case had not discussed in his report or in any subsequent offer of proof the subject that he was expected to testify to. See, *Samaniego, supra,* at 1088.

    **C.**    **THE DEFENDANTS HAVE FULLY COMPLIED WITH RULE 26.**

The defendant last argues that the defendants have not fully complied with Federal Rule 26 concerning the disclosure of background information of expert witnesses because they have not provided a list of cases for Officer Daily for the preceding four years. However, it is counsel's information, based upon discussion with Officer Daily and the Anchorage District Attorney's Office, that Officer Daily has not testified as an "expert" within the preceding four years. Affidavit of Mary B. Pinkel, paragraph 8. Rather, since Officer Daily has testified as an "on the scene officer" in recent cases, the District Attorney has not noticed him as an "expert." Id.

    **III.**    **CONCLUSION**

For the reasons outlined above, the Defendants respectfully request that the court deny the Plaintiff's Motion to Exclude the Testimony of the Defendants' Expert Witness, John Daily. The defendants provided an expert disclosure of Officer Daily as quickly as they

could, in light of the procedural history of this case. In addition, Officer Daily is qualified to serve as an expert on police procedures in dealing with members of the public like Ms. Berman, who engage in erratic, explosive and obstructionist behavior. In addition, his expert testimony will assist the trier of fact. Finally, the defendants have fully complied with the requirements of Federal Rule of Civil Procedure 26 concerning the background information on Officer Daily.

        Respectfully submitted this 12th day of January, 2006.

                                    FREDERICK H. BONESS
                                    Municipal Attorney

                                  By: /s/ Mary B. Pinkel
                                        Mary B. Pinkel
                                        Assistant Municipal Attorney
                                        Alaska Bar No. 8505030

The undersigned hereby certifies that on 01/12/06 a true and correct copy of the *Opposition to Motion to Exclude Testimony of Expert Witness* was served on:

- John Pharr

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office

OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS
Case No. A04-227 CIV (JKS)
Page 10 of 10