Mary B. Pinkel
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska  99519-6650
(907) 343-4545
pinkelmb@muni.org

Attorney for Defendants Anchorage
Police Department, Officer Robert Dutton,
And Sergeant Gil Davis

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| OFC. R. DUTTON, and SGT. G. DAVIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

U.S. District Court Case No. A04-227 CIV (JKS)

**AFFIDAVIT OF MARY B. PINKEL IN SUPPORT OF OPPOSITION TO**

**MOTION TO EXCLUDE**

Mary B. Pinkel, being duly sworn under oath, deposes and states as follows:

1. I am an assistant Municipal Attorney in the Civil Division of the Municipality of Anchorage, Department of Law, a position which I have held since mid-February, 2005.

2. In mid-September, 2005, I was assigned to defend the above-captioned case.

3. On October 3, 2005, I filed a substitution of counsel with the court.

4. At the time I took over the defense of this case, no depositions or written

discovery, other than the exchange of initial disclosures, had occurred.

5. It was not until late October, 2005, when I had the opportunity to review and prepare responses to the Plaintiff's first set of discovery requests to the defendants, that I determined that an expert witness on police procedures and conduct would be needed in the case. Accordingly, as soon as I made this determination, I quickly found an expert to assist me – Officer John Daily, a well-regarded senior police officer who is responsible for training in the Anchorage Police Department.

6. I provided full disclosure on Officer Daily to the Plaintiff as soon as I could, on November 18, 2005.

7. No trial date has yet been set in this case, and the expert disclosure was made well before the close of discovery, which was December 30, 2005. The plaintiff has made no effort to depose Officer Daily.

8. I complied with Federal Rule 26's requirements when I provided the expert disclosure on Officer Daily on November 18, 2005. In reference to the Plaintiff's allegation that I have not fully disclosed those expert cases in which he has testified as an expert, it is my information, based upon discussions with Officer Daily and Assistant District Attorney Keri Brady, that Officer Daily has not testified as an "expert" within the preceding four years. According to Assistant District Attorney Brady, whom I recently called for confirmation concerning Officer Daily's court testimony, Officer Daily has testified as an "on the scene officer" in recent cases rather than as an "expert." Therefore, the District

confirmation concerning Officer Daily's court testimony, Officer Daily has testified as an "on the scene officer" in recent cases rather than as an "expert." Therefore, the District Attorney has not noticed him as an "expert" in cases within the preceding four years where he has testified. According to Assistant District Attorney Brady, the only cases where Officer Daily has testified in the preceding four years are: *State v. Joshua Wade,* Anchorage Superior Court Case no. 3ANS-008436 CR (2000), which was tried in 2003, and *State v. Maness,* Superior Court Case no. 3ANS-979480 CR (1997), which was re-tried in late 2002. However, as previously stated, the State did not notice Officer Daily as an expert in these two cases.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
Mary B. Pinkel
Assistant Municipal Attorney

SUBSCRIBED AND SWORN TO before me this 12th day of January, 2006.

_____
Notary Public
My Commission Expires: 2-21-09

The undersigned hereby certifies that on 01/12/06 a true and correct copy of the *Affidavit of Mary B. Pinkel in Support of Opposition to Motion to Exclude* was served on:
- John Pharr

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.
/s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office

