Client copy sent 12/9/05
- Dutton, Smith, + Davis

RECEIVED
MUNI ATTORNEY
05 DEC -9 AM 9:58

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ANCHORAGE POLICE DEPT., OFC. ROBERT DUTTON, and SGT. GIL DAVIS, | ) ) ) ) |
| Defendants. | ) ) |

Case No. A04-0227 CV (JKS)

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, the plaintiff, Judy L. Berman, by and through counsel, hereby answers the first set of discovery requests from the defendants, the Municipality of Anchorage, Robert Dutton and Gil Davis.

**INTERROGATORY NO. 1:** Please state the name, last known address, and telephone numbers of all persons who may have knowledge of the events described in your complaint.

**ANSWER:** Please see Paragraph (A) of the plaintiff's initial disclosures,

**INTERROGATORY NO. 2:** Please describe in detail all injuries, ailments, or pains which you claim to have suffered as a result of the occurrence alleged in your complaint, stating the severity and duration of such injuries and the current prognosis.

**ANSWER:** Objected to as not relevant to the claims or defenses of any party, as the plaintiff has not asserted a claim for physical injury, or for medical expenses. Without waiving her objection, the plaintiff states that she suffered bruises on her arms from being grabbed by

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Exhibit ___1___

defendants Dutton and Davis, and pain in her left arm which lasted more than a year, resulting from Dutton and Davis violently twisting her arms behind her back in order to handcuff her.

**INTERROGATORY NO. 3:** Please state the name and the current address of all physicians or medical care providers, including any behavioral health providers, who have examined or treated you for any injury, sickness, or ailment during the preceding seven years.

**ANSWER:** Objected to as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Please see objection to Interrogatory No. 2 above.

**INTERROGATORY NO. 4:** Please state the name, current address and phone number of all physicians or other medical care providers, including any mental health providers, psychiatrists, psychologists, social workers, marriage counselors, or counselors, who have examined or treated you for any of the injuries referred to in your Complaint, along with a brief description of the complaints which led you to seek care.

**ANSWER:** Please see objection to Interrogatory No. 2 above.

**INTERROGATORY NO. 5:** Please state whether you claim to have suffered mental or emotional problems or impairment as a result of this incident and, if so, please explain and describe in detail any and all changes in personality, attitude, manners, state of mind, or emotional state you claim as a result of the occurrence alleged in your complaint, and describe all treatment received for such problems or impairment, including the names, phone numbers and addresses of all treatment providers.

**ANSWER:** Objected to as not relevant the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence, as the plaintiff has not asserted a tort claim for intentional or negligent infliction of mental or emotional distress. Without waiving the objection, the plaintiff states that she suffered mental distress and

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Plaintiff's answers to discovery requests page 2 of 7

humiliation as a result of being deprived of her civil rights, as a result of being falsely arrested and handcuffed in public, as a result of being forced to sit in a patrol car in front of the store with her hands handcuffed behind her back for twenty minutes, and as a result of other actions of the defendants, as alleged in her complaint.

**INTERROGATORY NO. 6:** If, at any time prior to, or at any time subsequent to the date of the occurrence alleged in your complaint, you sustained or suffered any mental or emotional injury, illness, or disability, other than anything described in response to the previous interrogatories, please give a detailed description of each such injury, disability, or condition, including the name and addresses of all treatment providers.

**ANSWER:** Please see objection to Interrogatory No. 5 above.

**INTERROGATORY NO. 7:** If you are claiming any loss of earning capacity as a result of the alleged occurrence, please state in full detail the factual basis for your claim, including all inclusive dates between which your are [sic] unable to work as the result of the alleged occurrence, all work restrictions or disabilities, the name and address of any doctor who restricted you, and all efforts you have made to work or return to work.

**ANSWER:** Plaintiff is not claiming any loss of earning capacity.

**INTERROGATORY NO. 8:** Please provide complete information regarding each and every job or qualified employment ever held by you preceding the occurrence alleged in your complaint, up through and including the present, including the name of your employer, your supervisor, your job title, the duties performed, the wage received, the dates of employment, and the reason for termination.

**ANSWER:** Objected to as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's answers to discovery requests page 3 of 7

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

**INTERROGATORY NO. 9:** Please describe in full detail, including case caption, case number, court, jurisdiction, dates, and status of litigation, any other lawsuit, litigation or administrative claim in which you have ever been involved in [sic] either as a defendant, plaintiff, claimant or respondent.

**ANSWER:** Please see response to Interrogatory No. 8 above.

**INTERROGATORY NO. 10:** Please state each item of damage you are claiming, including the amount you are claiming for each item.

**ANSWER:** Please see Paragraph (C) of the plaintiff's initial disclosures.

**INTERROGATORY NO. 11:** Please state in your own words the incidents that occurred at the Carrs Huffman parking lot on April 6, 2002 which are the basis for this lawsuit.

**ANSWER:** Please see response to Request for Production No. 6, below.

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all photographs, slides, videotapes, motion pictures, or other photographic reproductions in your custody or control in regard to the incident at issue, including the original color photographs of the copies which you produced in your initial disclosures [sic].

**RESPONSE:** Please see photographs enclosed, which are being produced for inspection and/or copying.

**REQUEST FOR PRODUCTION NO. 2:** Please produce copies of your W-2 forms and state and federal income tax returns, including all schedules and attachments thereto, since 1998. The intent of this request is to seek production of past and future income tax returns, up through the trial of this matter, as soon as they are available.

**RESPONSE:** Objected to as not relevant to the claims or defenses of any party and not

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Plaintiff's answers to discovery requests page 4 of 7

reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all medical records which in any way relate to the medical condition or treatment of plaintiff, including, but not limited to, any and all memoranda, notes, correspondence, reports, bills, statements or other writing prepared in relation to any consultation, treatment, therapy, hospitalization, medication, orthopedic devices, or other items or services by any doctor, nurse, psychiatrist, chiropractor, hospital, clinic, pharmacy or any other person, organization or agency in relation to the medical condition or treatment of plaintiff during the last seven years.

**RESPONSE:** Objected to as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Please also see objection to Interrogatory No. 2 and Interrogatory No. 5 above.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all documentation evidencing any and all lost wages, if any, allegedly incurred by the plaintiff as a result of the accident [sic] referred to in the complaint.

**RESPONSE:** Please see response to Interrogatory No. 7 above.

**REQUEST FOR PRODUCTION NO. 5:** Please fill out and produce the attached releases, after signature, which will permit Defendants to obtain copies of the following records:

    a. Medical Records Release
    b. Employment Records Release
    c. Worker's Compensation Records Release
    d. Providence Health Care System Records Release
    e. Alaska Regional Hospital Records Release
    f. Unemployment Records Release
    g. Insurance Information Records Release
    h. Social Security Administration Release
    i. Department of Motor Vehicles Release

**RESPONSE:** Objected to as not relevant to the claims or defenses of any party and not

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:** Please produce any and all statements, signed or unsigned, oral or written, from any persons, including yourself, who witnessed or claims to have witnessed the occurrence specified in your complaint, or who was present at the scence of the occurrence at the time of , or immediately prior to, or subsequent to said occurrence, or who has or claims to have knowledge of any of the facts of the occurrence specified in you complaint.

**RESPONSE:** Please see the enclosed statement, which was written by the plaintiff shortly after the events which are the subject of this action occurred.

DATED this ___8___ day of December, 2005.

                        LAW OFFICES OF JOHN C. PHARR
                        Attorneys for Judy L. Berman

                        By:_____
                           John C. Pharr
                           Alaska Bar No. 8211140

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Plaintiff's answers to discovery requests page 6 of 7

# VERIFICATION

STATE OF ALASKA              )
                             ) ss:
THIRD JUDICIAL DISTRICT      )

I, Judy L. Berman, being duly sworn upon oath, state that the foregoing interrogatories have been answered by me fully and truthfully to the best of my knowledge and belief.

DATED this 8th day of December, 2005.

_____
Judy L. Berman

Subscribed and sworn to before me this 8 day of December, 2005, at Anchorage, Alaska.

_____
NOTARY PUBLIC IN AND FOR ALASKA
My commission expires June 8, 2006

Certificate of Service

I certify that on the 8 day of December, 2005 the original the foregoing document was mailed to:

Mary Pinkel
Assistant Municipal Attorney
P.O. Box 196650
Anchorage, AK 99519

_____
Sharon Leippi

LAW OFFICES OF
JOHN C. PHARR
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

Plaintiff's answers to discovery requests page 7 of 7

On April 6, 2002, I stopped by the Carrs store on Huffman Road at about 10:00 p.m. There was a parking space available in front of the store, and I stopped my car and waited for traffic to clear, with my directional signal on, indicating that I intended to pull into that space. A vehicle approached from the opposite direction and pulled into the space that I was about to pull into. I honked my horn at that vehicle, and then another space opened up and I parked there.

When I got out of my car, a police officer named R. Dutton approached me and asked me if there was something wrong with my horn. I replied no, that I just thought it was rude for the other party to park in the space I was obviously about to pull into. Officer Dutton then told me that it was illegal to pull into a parking space from the left and that if it happened again he would "find it in [his] heart to cite me." When he had finished talking I said, "Have a great night," turned, and began to walk away. I was already walking toward the store entrance when he came after me and asked me to produce identification. I told him he did not have the right to stop me and ask to ID for no reason, and continued to walk toward the entrance.

At the store entrance he was joined by Sgt. Davis, and they both grabbed me so hard that they left bruises on both of my arms. I told them to get their hands off me, that this was police brutality. They continued to insist that I produce ID. I told them they needed to let go of my arms so that I could get my license. They finally loosened their grip on me enough so that I could open my purse and remove my wallet. <u>I was holding</u>

-1-

<u>my wallet in my hands and looking for my license when Sgt. Davis grabbed the wallet out of my hands and grabbed my purse off of my shoulder. He and Officer Dutton began twisting my arms behind my back with such force and brutality that I began to shriek in pain. I told them they were hurting me but they wouldn't stop. They proceeded to handcuff my hands behind my back even though they knew I had done nothing wrong.</u>

All of this was taking place right at the entrance to the store. People were walking in and out the store, watching me being handcuffed, and no doubt thinking that I had committed a crime and was going to jail. I was expressing shock and disbelief that all this was actually happening.

After they had handcuffed me, Sgt. Davis began looking through my wallet and eventually found my driver's license. Officer Dutton told Sgt. Davis that he intended to do a "cite and release."

Dutton then made me get into the police car with my hands still cuffed behind my back. I had to sit there for about twenty minutes while he looked through his manual, trying to figure out what to charge me with. The police car was right in front of the store entrance and people continued to walk by, observing me sitting in back of the police car, with my hands cuffed behind my back.

When Dutton finally completed writing a citation for "resisting or interfering with a police officer," he let me out of the police car and removed the handcuffs. By this time I was, of course, in tears. In addition to the bruises, my left

arm and right hand are still sore today. (4/8/02)