Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPT., | ) |
| OFC. ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Case No.  A04-0227 CV (TMB)

## JOINT STATUS REPORT TO THE COURT

Pursuant to the Court's order of May 8, 2006, the plaintiff, by and through counsel, hereby files the parties' joint status report to the Court:

### A. Nature of the Case

1. The lead attorneys on the case are Karen Bretz, Attorney at Law for the plaintiff, and Mary Pinkel, Assistant Municipal Attorney for all defendants.

2. Basis for federal jurisdiction: Federal Question.  The plaintiff's

complaint invokes 42 U.S.C. § 1983.

    3. Nature of the claims asserted in the complaint: Violation of Civil Rights (42 U.S.C. § 1983); False Arrest; Assault and Battery; Malicious Prosecution; Punitive Damages. No counterclaims have been filed.

    4. All parties have been served.

    5. <u>The plaintiff believes that the principal legal issues include</u>:

    a. Under Alaska law, did Officer Dutton have the right to conduct an investigatory stop of the plaintiff?

    b. Under Alaska law, did Dutton and Davis have the right to physically detain the plaintiff when she initially declined to produce identification?

    c. Under Alaska law, did Davis have the right to forcibly take the plaintiff's wallet from her and search through it without her consent?

    d. Are Dutton and Davis shielded from liability under the doctrine of qualified immunity?

    e. Did Dutton and Davis act with malice, and/or with reckless disregard for the plaintiff's rights and interests, and were their actions outrageous?

    <u>The defendants believe that the principal legal issues include</u>:

    a. Did the officers falsely arrest Ms. Berman?

    b. Did the officers commit assault and battery on Ms. Berman?

    c. Did the officers maliciously prosecute Ms. Berman?

    d. Did the officers violate Ms. Berman's civil rights?

   e. Are the officers entitled to qualified immunity on the claims asserted by the plaintiff?

   f. Is the plaintiff entitled to punitive damages?

  6. <u>The plaintiff believes that the principal factual issues include</u>:

   a. Was the plaintiff in fact complying with the officers' request for identification at the time that she was handcuffed and arrested?

   b. When Dutton first spoke with the plaintiff, did he make the statement, "If you do it again, I'll find it in my heart to cite you," before the defendant wished him a great night and walked away?

   c. Did Dutton and Davis physically remove the plaintiff from the store a number of times?  (Davis states that this occurred; the plaintiff and Dutton state that it did not.)

   d. Did the plaintiff ever "pull away" from the officers and "start to spin"?

  <u>The defendants believe that the principal factual issues include</u>:

   a. Are there sufficient facts to support Ms. Berman's claim that she was falsely arrested?

   b. Are there sufficient facts to support Ms. Berman's claim that she was assaulted and battered?

   c. Are there sufficient facts to support Ms. Berman's claim that she was maliciously prosecuted?

    d. Are there sufficient facts to support Ms. Berman's claim that her civil rights were violated?

    e. Are there sufficient facts to support the officers' claim that they are immune from liability under the doctrine of qualified immunity?

    f. Are there facts to support Ms. Berman's claim that she is entitled to punitive damages from the officers?

  **B.** **Discovery**

    1. Brief description of completed discovery and any remaining discovery: Discovery closed in late December 2005. The parties served written interrogatories and requests for production on each other. The plaintiff also served requests for admission on the defendants. The plaintiff deposed Officers Dutton and Davis. The defendants deposed Ms. Berman. The plaintiff has filed a motion to compel discovery that has not been provided by the defendants.

    2. Pending motions: 1) Motion to Exclude Testimony of Expert Witness, filed by plaintiff; 2) Motion to Compel, filed by plaintiff 3) Motion for Summary Judgment (On Qualified Immunity), filed by defendants.

    Anticipated motions: 1) Motion for Partial Summary Judgment, to be filed by plaintiff; 2) Motion in Limine (to exclude the testimony of Sharon and Chih Chen), to be filed by the plaintiff.

    3. There have not been any previously entered rulings on substantive issues.

4. There have not been any previously filed status reports.

C. Trial

1. Trial is anticipated to take four to five days. A jury trial has been requested.

D. Settlement

1. Status of any settlement discussions and whether the parties request a settlement conference: The parties intend to request a settlement conference or mediation once some of the issues in the case have been resolved through motion practice.

DATED this 17th day of May, 2006.

s/ Karen E. Bretz
Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile
e-mail: kbretz@alaska.net
Alaska Bar No. 9911058

Certificate of Service

I certify that on the 17th day of May, 2006 a true and correct copy of the foregoing document was served electronically on:
    Mary Pinkel

  s/ Karen E. Bretz
    Karen E. Bretz

JOINT STATUS REPORT.doc.wps
Case No. A04-227 CV (TMB); Page 5 of 5