IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>ANCHORAGE POLICE DEPT., OFFC. ROBERT DUTTON, & SGT. GIL DAVIS,<br><br>        Defendants. | Case No.  3:04-cv-227  TMB<br><br>O R D E R<br><br>Re: Motion to Exclude Expert Testimony<br><br>Docket 36 |

      Plaintiff Berman has moved for an Order precluding Defendants' proposed expert witness, Officer John Daily, from testifying at trial in this matter.  Docket 36.  Defendants have opposed this motion, and Plaintiff has replied.  Docket Nos. 39 & 47.

      This matter arises from an incident on April 6, 2002, in the Carrs parking log on Huffman Road in Anchorage.  According to the Complaint, originally filed in State Superior Court, Plaintiff and a third party both attempted to park in the same parking place, and the honking of Plaintiff's horn attracted the attention of Officer Dutton and Sgt. Davis.  Docket 3, Exhibit B.  The facts surrounding the conversation between Plaintiff and the officers are in dispute, but it is undisputed that the exchange between Plaintiff and the officers escalated, and Plaintiff was handcuffed and placed in a patrol vehicle in front of the store.  Id.  Plaintiff was issued a citation for "resisting or interfering with a police officer" and was released.  Id.  The Municipality ultimately declined prosecution.  Id.  Plaintiff's Complaint claims False Arrest, Assault and Battery, Malicious Prosecution, and Violation of Civil Rights under 42 U.S.C. § 1983, and seeks punitive damages.  Id.

      This matter was removed to Federal Court on September 27, 2004.  Docket 1.  A Scheduling and Planning Order was issued on June 13, 2005, requiring discovery to be completed by December 30, 2005.  The deadline for expert disclosures was 90 days before the close of discovery, October 1, 2005.  Docket 28.

1

Plaintiff seeks to exclude the testimony of Officer John Daily as an expert for three reasons: 1) The disclosure of Daily as an expert witness was made six weeks after the deadline established by the Court; 2) Defendants have not provided all of the information required in Fed. R. Civ. P. 26(a)(2) in their disclosure; and 3) Daily is not qualified as an expert under FRE 702. Docket 36.

**<u>Timely Disclosure and Compliance with FRCP 26</u>**

Pursuant to the Court's Scheduling and Planning Order, the disclosure of experts was required by October 1, 2005. Defendant's Expert Disclosure was dated November 18, 2005, 48 days after the deadline. Docket 36 at 2. Plaintiff argues that she was prejudiced by this delay. <u>Id.</u>

Defendants argue that the disclosure was made "as soon as counsel determined that an expert was needed for the defense of this case." Docket 39. Counsel notes that the case was transferred to her in mid-September, 2005, and it was not until late October, 2005, when she had the opportunity to review and prepare responses to Plaintiff's first set of discovery requests. <u>Id.</u> Upon review of those requests, she determined that an expert witness on the issue of proper police procedures and training would be needed, and quickly found an expert to assist her. <u>Id.</u> Defendants note that no trial date has yet been set, that the disclosure was made well before the close of discovery, and that no discovery was done prior to October 2005. Accordingly, Defendants argue there is no prejudice to Plaintiff in the late disclosure. <u>Id.</u>   Plaintiff suggests that Defendants' excuse for the late disclosure is inadequate. Docket 47.

Plaintiff also complains that Defendants have not fully complied with Fed. R. Civ. P. 26(a)(2)(B), in that the report does not contain a list of other cases in which Officer Daily has testified as an expert at trial or by deposition within the preceding four years. Docket 36 at 7. Defendants clarify in their Opposition that Officer Daily has not testified as an "expert" within the preceding four years. Docket 39 at 9. Rather, he has testified as an "on the scene officer," in recent cases. <u>Id.</u>

The Court finds that although Defendant's disclosure was untimely, significant delays in this matter due to the withdrawal of Plaintiff's counsel resulted in a temporary stay of this matter while Plaintiff found substitute counsel. The Court has been liberal in granting extensions of time. Accordingly, there appears to have been no *actual* prejudice to the Plaintiff by the late disclosure of

Defendant's proposed expert witness. The Court further finds that Defendant's explanation that Officer Daily has not testified as an expert in the past four years, (Docket 39 at 9), resolves the question of why such information was not provided by Defendant. Neither of the foregoing arguments warrants the exclusion of the testimony of Officer Daily.

**Expert Qualification Under Federal Rules of Evidence**

Plaintiff argues that Officer Daily is not qualified as an expert. Docket 36 at 2. The Federal Rules of Evidence state:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702. Plaintiff argues that "the issues in this case do not require scientific, technical, or other specialized knowledge to assist the jury in understanding the evidence or determining a fact or issue." Docket 36 at 3. Rather, she argues that Officer Daily's testimony would merely amount to his own subjective opinion. Plaintiff complains that many of Daily's statements in his written report are conclusory, fail to accurately state the law, and usurp the jury's role as finder of fact. Docket 36 at 4-5.

Defendants suggest that "Officer Daily is well qualified to render expert opinion testimony in this case on the issue of the appropriate standard of conduct of officers who must deal with citizens who behave as Ms. Berman behaved on April 4, 2002." Docket 39 at 3. "Officer Daily has extensive practical and teaching experience in regard to police and law enforcement practices." Id., at 5. In light of his credentials, "Officer Daily is more than qualified to serve as an expert on the issue of proper APD procedures and training with respect to the response of [Defendants] . . . on April 6, 2002." Id. Furthermore, Defendants suggest that Officer Daily's testimony would be helpful to the jury. Given that many of the facts in this case are undisputed, Officer Daily will not be inclined to inappropriately judge the credibility of the officers or the Plaintiff, but rather he will only be asked to comment on the appropriateness of the officers' responses to Plaintiff's actions, such as their decision to stop and question Ms. Berman, the decision to restrain and handcuff her,

the manner in which they did so, and the decision to remove her wallet from her purse. Id., at 7. Defendants suggest that Officer Daily's expert testimony would assist the jury, as a layperson would not otherwise know what actions are proper by police officers responding to "explosive and erratic behavior" by an individual. Id., at 8.

In Reply, Plaintiff complains that while "Officer Daily is clearly an experienced police officer," he has never before testified as an expert on the subject of police procedure or authored any publications on that subject. Docket 47 at 3. More importantly, argues Plaintiff, Officer Daily's report does not make mention of Police Department training and procedures. Id. Rather, "he analyzes his view of the facts by applying . . . his understanding of the law to those facts, which is in fact the role of the jury." Id. Furthermore, he makes numerous factual determinations that are disputed by Plaintiff. Id.

Plaintiff agrees that police training and established procedure is likely to be relevant to the issues of this case. Docket 47 at 4. Accordingly, she notes that she requested in discovery that APD produce copies of certain policies, procedures, and training materials. Id. "However, the Department refused to comply with the requests, claiming that the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence. See Exhibit 5. Now, however, they seek to introduce expert testimony, ostensibly on just such information." Id. Furthermore, a review of the report reveals no references to police practices or to the training that police receive. Id. Plaintiff suggests that if Officer Daily had based his report on the Plaintiff's account of the incident, his report and conclusions would have been "vastly different." Docket 47 at 5. Plaintiff highlights in her Reply several points of fact, relied upon by Officer Daily, that she disputes. Id., at 5-8.

The Ninth Circuit has addressed the appropriateness of expert testimony on police practices and procedures. In Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005)(en banc), Plaintiff filed a §1983 action for excessive use of force involving police dogs. Id., at 693. In reversing the district court's order granting the defendants' summary judgment motion, the Ninth Circuit held that a rational jury could rely upon expert testimony regarding the training of police dogs and police dog handlers to determine whether the officers' use of force was unreasonable. Id., at 703. In Davis v.

Mason County, 927 F.2d 1473 (9th Cir. 1991), the Ninth Circuit found the testimony of plaintiffs' police practices expert that officers violated law enforcement standards was properly received, noting that F.R.E. 702 permits expert testimony comparing conduct of the parties to the "industry standard," and that F.R.E. 704 allows an expert witness to express an opinion on an ultimate issue to be decided by the jury. Id., at 1484-85.

In light of this guidance, Defendants' intention to offer expert testimony on police practices and procedures is permissible under F.R.E. 702 and 704, and Ninth Circuit precedent. However, Plaintiff's concerns about the content of the expert report, and the application of Officer Daily's interpretation of the law to one version of the facts, are well-taken. His opinions are based entirely upon the reports by the police officers, and he states subjective opinions such as "both of these officers are very intelligent and have a good grasp of the applicable laws." Docket 36, Exhibit 1 at 10. The role of the expert here is, ostensibly, to testify as to "proper APD procedures and training," but his written report is an entirely one-sided opinion on the behavior of these officers, based solely on information provided by the officers themselves.

In McCloughan v. City of Springfield, 208 F.R.D. 236 (C.D. Illinois 2002), the court addressed a similar issue. McCloughan involved a plaintiff who backed his vehicle into the personal vehicle of an off-duty Springfield police officer. The officer allegedly attacked McCloughan causing injuries, and McCloughan sued the City for the officer's use of excessive force under 42 U.S.C. § 1983. Id., at 237. The City sought to call an expert witness at trial to testify regarding accepted police practices, and Plaintiff sought to preclude the expert testimony arguing that the expert "offer[ed] nothing more than his opinion on the credibility of [the] witnesses - a task which the jury is quite capable of completing without his input." Id., at 238. The McCloughan court concluded that "expert testimony on police practices and the use of force is, generally, admissible in a § 1983 excessive force case. . . . The Court believes that [his] testimony in this area would be helpful to the jury." Id., at 239. Specifically, the Court allowed the expert to offer testimony regarding the proper procedures to be used by law enforcement officials in circumstances similar to those of the McCloughan case. However, the Court limited the expert's testimony to "a general framework regarding proper police conduct which the jury can utilize to

determine the specific facts of this case." Id.  The Court declined to allow the expert to offer any opinions regarding the specific facts of the case, noting that "most of the crucial facts are in dispute." Id.  While the court noted that the expert had "extensive academic and practical experience with police and law enforcement practices," it concluded that allowing the expert to offer his opinion as to whether the officers followed proper police procedures would essentially be allowing the expert to make credibility findings regarding the witnesses' testimony.  "Such testimony is improper and is not helpful to the jury." Id.

This Court finds the guidance of the McCloughan court persuasive, when considered in conjunction with the Ninth Circuit authority above.  Ms. Berman disputes the facts as set forth in the police reports.  The jury is responsible for evaluating the credibility of the witnesses and determining the facts.  To the extent that Officer Daily can clarify proper police procedures, his testimony will be useful to the jury.  It ultimately is up to the jury to determine which version of the facts is true, and whether or not the officers exercised proper police procedures in the circumstances.   Whether or not Officer Daily should be permitted to testify to the ultimate issue of whether the officers acted appropriately in this case cannot reasonably be determined at this juncture.  During trial, Defendants will have the opportunity to renew their request to allow Officer Daily to testify to an ultimate issue, as permitted by F.R.E. 704.

Accordingly, **it is hereby ordered** that Plaintiff's Motion to Exclude Testimony of Expert Witness, (docket 36) is **granted in part and denied in part.**  Officer Daily will be permitted to testify as to police training and proper police procedures, but he may not offer any opinion as to whether those procedures were followed in this case absent express order of the Court during trial.

Dated at Anchorage, Alaska, this 23rd day of May 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge