Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| ANCHORAGE POLICE DEPT., | ) |
| OFC. ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

Case No.  A04-0227 CV (TMB)

## MOTION IN LIMINE NO. 1

The plaintiff, Judy L. Berman, through counsel, hereby moves this court for an order excluding the testimony of Chih Chen and Sharon Chen.

**1. Factual Summary**

The factual background of this case is more fully set forth in the plaintiff's Memorandum of Points and Authorities in support of her motion for partial summary judgment.  Briefly, defendant Officer Dutton approached the plaintiff after he heard her sound her vehicle horn several times in a public parking lot.  It is undisputed that the plaintiff had sounded her horn

briefly after the Chens had parked in a space she had been waiting to park in, with her turn signal on. Officer Dutton states that he saw the Chens enter the store prior to his contact with the plaintiff, and that they did not witness the events that are the subject of her complaint. The parties agree that the plaintiff stopped and spoke to the officer, and then walked away, and that he came after her and asked for identification after she had walked some distance. The plaintiff maintains that the officer's statement and conduct had made it clear to her that he was finished talking to her, and Dutton admits that he did not protest when she began to walk away. When the plaintiff reached the store entrance, Dutton was joined by Sgt. Davis, and they forcibly detained her and indicated that they would not release her until she produced identification. The plaintiff maintains that she was in the process of complying with the request for identifications, when Davis grabbed her wallet away from her and the officers violently handcuffed and arrested her. She was then forced to sit in a patrol car in front of the store with her hands still handcuffed behind her back. The Municipal Prosecutor declined to prosecute the case.

**2.   The testimony of Chih and Sharon Chen is not relevant to the facts at issue in this action.**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."   Rule 402 provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

In this case, it is undisputed that Officer Dutton approached the plaintiff after he heard her sound her vehicle horn in a public parking lot.  It is also undisputed that the plaintiff did in fact stop and speak with the officer.  The testimony of the Chens is not relevant because the officer

decided to stop the plaintiff <u>based on what he heard,</u> not based on a report by the Chens. It is undisputed that the police had no contact with the Chens until <u>after</u> the plaintiff had been released. (See Police Report of Officer Dutton, filed with plaintiff's Motion for Partial Summary Judgment).

It is a well-settled rule that the propriety of an investigative stop must be evaluated based on information that the police officer had at the time he made the stop. Information later acquired cannot be used to "retroactively" justify the stop. In *Terry v. Ohio* 392 U.S. 1 (1968) the Court stated that "it is imperative that the facts be judged against an objective standard: would the **facts available to the officer at the moment of the seizure or the search** 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" (emphasis added) *Id.* at 21-22 (citations omitted).

Similarly, in *Moreno v. Baca,* 431 F.3d 633 (9th Cir, 2005), certiorari denied by *Baca v. Moreno,* 2006 U.S. LEXIS 4716, the court explicitly denied an attempt by police officers to justify their detention of the plaintiff based on information that they discovered at a later time. The court stated that "we must confront the question of whether a search or seizure can be considered 'reasonable' if the facts that rendered the search 'reasonable' were unknown to the officer at the time of the intrusion. We hold that it cannot." *Id.* at 639. The court upheld the District Court's denial of summary judgment on qualified immunity grounds, finding that the defendants could not retroactively justify the plaintiff's detention based on information they discovered after the fact. *Id.* at 641, 643.

The Chens apparently intend to testify that they heard the plaintiff "screaming" at them, but that they do not know what she was saying. They also apparently maintain that this conduct made them concerned that she might hurt them or their vehicle. However, this information, even

assuming it is accurate, was not conveyed to the officers prior to their contact with the plaintiff.[1] Therefore, it is of no possible relevance to the fact of the case. Officer Dutton, in fact, has stated that he did not observe anything unusual in the Chens' behavior that would lead him to believe that they might be fearful. Deposition of Robert Dutton, filed with plaintiff's Motion for Partial Summary Judgment, p.11. It is also clear that Dutton never had any concern that the plaintiff might be violent because he stated that he intended to release her once she produced identification. Dutton deposition p.24. And he did in fact release the plaintiff and allow her to enter to store while the Chens were still inside. (See Police Report stating that the Chens exited the store some time after the plaintiff was released.)

The plaintiff's complaint is based entirely on events that occurred after the Chens had already entered the store. They did not witness the officers' contact with the plaintiff, and therefore cannot testify as to any of the material disputed facts. Dutton himself admits that, "C. Chen and S. Chen exited the Carrs after Berman had been released. **They did not witness my contact with Berman or the arrest of Berman.**" Dutton Police Report p.2 (emphasis added) He also states earlier in his report, and in his deposition, that he saw the Chens enter the store prior to his approaching Berman, while she was still sitting in her car. (Dutton Police Report; Dutton deposition, p.12).

Since the officers decided to approach the plaintiff based on their own observations, and had no contact with the Chens until after the plaintiff had been released, and since the Chens did not witness the officers' contact with the plaintiff, their testimony is not relevant. The only reason the defendants want to call these individuals as witnesses is to attempt to portray the

---

[1] It is worth noting that in his report of his contact with the Chens on April 6, 2002, Dutton makes no mention of them saying that they were afraid. See Police Report. The first time this concern was raised was in Officer Daily's interview with Sharon Chen in November 2005.

plaintiff in a negative light, and to create prejudice against her in the minds of the jury members. Clearly, testimony that is not relevant, and is only offered for its prejudicial impact is not admissible at trial.

Based upon the foregoing, the plaintiff respectfully requests that the Court grant her motion to exclude the testimony of Chih and Sharon Chen at trial.

DATED this 11th day of September, 2006.

/s/ Karen E. Bretz
Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile
e-mail: kbretz@alaska.net
Alaska Bar No. 9911058

Certificate of Service

I certify that on the 11th day of September, 2006 a true and correct copy of the foregoing document was served electronically on:

Mary Pinkel, Assistant Municipal Attorney
Municipality of Anchorage

/s/ Karen E. Bretz
Karen E. Bretz