Mary B. Pinkel
Assistant Municipal Attorney
Municipality of Anchorage Department of Law
Civil Division
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545 (phone)
(907) 343-4550 (fax)
uslit@muni.org

Attorney for the Defendants
Police Department, Officer Robert Dutton,
And Sergeant Gil Davis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| OFFICER ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

U.S. District Court Case No. 3:04-cv-227-TMB

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
CONCERNING PERSONNEL HISTORIES OF OFFICERS**

**INTRODUCTION**

For the reasons outlined below, Defendants the Anchorage Police Department, Officer Robert Dutton and Sergeant. Gil Davis ("the Municipal Defendants"), through

counsel, the Municipal Attorney, hereby move the court to rule that the Plaintiff may not ask questions of the officers in regard to their personnel histories, both prior to and after the incident at issue, at trial in this matter. Specifically, the Municipal Defendants request that the Plaintiff be precluded from questioning the officers about their personnel histories, other than their dates of employment and specific duties.

**ARGUMENT**

The court should rule that the Plaintiff is precluded at trial from inquiring into the personnel histories of Officers Davis and Dutton, either before or after the incident at issue, with the exception of their dates of employment and specific duties. The court should not allow the Plaintiff to inquire about other employment information[1] for three reasons: 1. The personnel histories of the officers, both before and after this incident are irrelevant, as there is no record of an internal affairs investigation having been conducted in regard to the conduct of Officers Davis and Dutton for this incident; 2. The information concerning personnel histories is inadmissible character evidence under Federal Rule of Evidence 404 (b); and 3. Requiring the officers to answer questions about their confidential personnel files would violate their privacy interests under the Anchorage Municipal Code, and state and federal law.

---

[1] Based on the Plaintiff's previous motion to compel of January 30, 2006, the Municipal Defendants are concerned that Plaintiff will attempt to question the officers about any and all complaints in their personnel files. In addition, Officer Dutton left the Department in late 2002 for reasons totally unrelated to this incident. The Municipal Defendants therefore request the court to limit the Plaintiff's questioning of the officers at trial to the personnel information that is relevant to this case: their job duties and dates of employment.

1. **The personnel histories of the officers are not relevant.**

The personnel histories of the officers are not relevant to the issues in this case. No internal affairs investigation was ever conducted concerning this case. See, affidavit of Thomas Nelson, Exhibit A, paragraph 7. Thus, there is nothing in the personnel files are histories of these officers which have any bearing on this case.

2. **If the Plaintiff were allowed to inquire into the officers' personnel histories, the jury might hear inadmissible character evidence.**

Because no internal affairs investigation was ever conducted concerning this incident, the only basis for the Plaintiff's questioning of the officers about their personnel histories would be to obtain inadmissible character evidence. However, "past conduct evidence is not admissible in federal courts, with very narrow exceptions." *Seguro v. Reno, supra,* 116 F.R.D. 43 (D.Nevada 1987). Thus, the Plaintiff should not be allowed to inquire of these officers concerning any past personnel records with respect to complaints. Moreover, the Plaintiff should not be allowed to inquire about any incidents in the officers' files that may have occurred after the incident at issue.

3. **Requiring the officers to answer questions about certain aspects of their personnel histories, both before and after this incident, would violate their privacy interests under the Anchorage Municipal Code, and state and federal law.**

The personnel histories of Officers Dutton and Davis, both before and after the incident at issue, with the exception of job duties and dates of employment, are

private and confidential under the Anchorage Municipal Code, and state and federal law. The Anchorage Municipal Code provides in pertinent part:

AMC 3.30.016 B. *Access to Personnel Files*

1. Employees shall have access to their personnel files…Except as otherwise provided in this section, a personnel file shall be inspected by others only following presentation of written consent by the employee to whom that file pertains.

AMC 3.30.016 D. *Records*

Notwithstanding chapter 3.90, all records maintained by the department of employee relations shall be confidential to the extent they include an <u>analysis, evaluation</u> or critique of an employee's performance, or their disclosure may reveal personal information about an employee or his dependents…or otherwise constitute an unwarranted invasion of privacy.

AMC 3.90.040 *Exemptions for particular records*

This chapter shall not be construed to require disclosure of:

A. Personnel, payroll or medical files, equal rights commission files or other files which reveal the financial or medical status of any specific individual, the release of which would constitute an unwarranted invasion of privacy.

O. Any records or documents which are accorded confidential or privileged status by this Code or <u>which are accorded confidential status under state or federal law and which have been provided on a condition that the information retain its privileged or confidential nature</u>. (Emphasis added).[2]

Moreover, the Alaska Constitution provides special protection for personal privacy not found in the U.S. Constitution. Article 1, Section 22 states in pertinent part: "The right

---

[2] In her motion to compel filed earlier in this case, the Plaintiff suggested that the Municipal Defendants had waived the "official information" privilege provided for by federal common law. The Municipality has never waived this privilege. Moreover, the Municipality specifically referenced federal law as a basis for not producing employment related documents by referring to AMC 3.90.040 0 in its November 1, 2005 discovery responses. See Municipality's Response to Interrogatory No. 5, contained in Exhibit 4 to Plaintiff's Motion to Compel dated January 30, 2006.

of the people to privacy is recognized and shall not be infringed." Thus, while state and municipal law are not dispositive, it is important to recognize the great weight that this state and municipality place on the privacy rights of individuals.

Further, since the officers' files are "official information," federal common law recognizes a qualified privilege for them. *Sanchez, supra,* 936 F.2d 1027, 1034 (9th Cir. 1991). While personnel information of police officers is not absolutely privileged, the confidential nature of personnel files suggests that opening the files to a plaintiff for a general search could reach well beyond the legitimate inquiries necessary to the litigation and would impact disciplinary proceedings within a department. *Id.* at 1034. In *Sanchez,* the Ninth Circuit held that Hispanic police officers who had brought a civil rights action against city police officials and a city were not entitled to see the personnel files of the city police department. The court found that even though the information contained in those files was relevant, the court would not order its release due to the confidential nature of the files and due to the fact that most of the relevant information could have been developed by interrogatories. *Id.* at 1034.

In contrast to the *Sanchez* case, the information that Berman seeks to bring out in this case is not relevant to the lawsuit. No internal affairs investigation was done as a result of the incident on April 6, 2002 which led to this lawsuit. Affidavit of Captain Thomas Nelson, Exhibit A, para. 7. In addition, the A.P.D. has consistently maintained the confidentiality of these kinds of records. Id, paragraph 6. Accordingly, there is no justification in this case for allowing Ms. Berman to question the officers about their personnel histories.

Furthermore, the privacy of employees' personnel and internal affairs files is of the utmost importance to the Department. Exhibit A, para. 8.  Law enforcement, by its nature, exposes officers to hazards different in kind and degree from those hazards which other workers face. Id.  Officers frequently deal with angry citizens and people who break the law. Id.  Most officers have, at some point in their careers, received threats of retaliation from individuals that they have arrested. Id. some of those individuals use violence and even deliberately seek retribution. Id.  Even disclosure of the requested information under a carefully crafted protective order would create a substantial risk of harm to significant governmental and privacy interests, as it would undermine the A.P.D.'s interest in keeping confidential its internal affairs files and in preserving the integrity of its investigations. Id.

The careful enforcement work of the detectives and patrol officers would be obstructed if individuals like Ms. Berman are allowed access to an officer's or former officer's files.  Exhibit A, para. 9.  For example, officers may in the future hesitate to stop and detain people like Ms. Berman for fear they will be retaliated against, not only by a future questionable lawsuit by that individual, but by a discovery process which could allow individuals like Ms. Berman to gain access to the officers' confidential files. Id.  Therefore, even a carefully crafted protective order would create a substantial risk of harm to the A.P.D.'s significant governmental interest in law enforcement and to the privacy interests of Sergeant Davis, former Officer Dutton and other patrol officers who must handle potentially explosive situations like the one encountered here. Id.  Therefore, just as disclosure of the personnel files to Ms. Berman would undermine the

governmental interest in law enforcement and the privacy interests of Sergeant Davis and former Officer Dutton, allowing Ms. Berman to question these officers about their personnel histories would undermine those same interests.

In contrast, the disadvantage to Ms. Berman in not being allowed to question these officers about their personnel histories would be non-existent.  At issue in this case is whether Officers Davis and Dutton violated her rights on April 6, 2002 when they sought to investigate her actions in creating a disturbance in the parking lot at the Carrs Huffman Grocery Store.  She has failed to establish that the officers' personnel histories are of relevance to her claims.  For that reason, the court should deny her the ability to question the officers about their personnel histories, other than their dates of employment and specific duties.

## **CONCLUSION**

For the reasons outlined above, the Municipal Defendants request that the court grant their motion in limine concerning the personnel histories of Officers Dutton and Davis, both prior to and after the incident at issue.  The Plaintiff should be precluded at trial from questioning the officers concerning their personnel histories, other than their dates of employment and specific duties.

Respectfully submitted this 13th day of September, 2006.

> By: s/ Mary B. Pinkel
> Municipal Attorney's Office
> P.O. Box 196650
> Anchorage, Alaska 99519-6650
> Phone: (907) 343-4545
> Fax: (907) 343-4550
> E-mail: uslit@muni.org
> Alaska Bar No. 8505030

The undersigned hereby certifies that on 09/13/06 a true and correct copy of the *Defendants' Memorandum in Support of Motion in Limine Concerning Personnel Histories of Officers* was served on:

- Karen Bretz

By first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office