Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPT., | ) |
| OFC. ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Case No.  A04-0227 CV (TMB)

## MOTION IN LIMINE NO. 2

The plaintiff, Judy L. Berman, through counsel, hereby moves this court for an order excluding the testimony of Officer John Daily at trial, based on the defendants' failure to comply with the Court's order at Docket 84, despite repeated requests by the plaintiff.

(1)

On May 24, 2006, the Court issued its ruling with regard to the testimony of Officer John Daily, the defendants' proposed expert witness. The Court ruled that Officer Daily may testify as to proper police procedure and officer training, but not as to whether the proper procedures were

followed in this case, absent express order of the Court during trial. The Court also stated that, "The jury is responsible for evaluating the credibility of the witnesses and determining the facts. To the extent that Officer Daily can clarify proper police procedures, his testimony will be useful to the jury." Order at Docket 84, p.6.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that the report provided with a party's expert disclosure contain a complete statement of what the expert intends to testify to at trial. However, in this case, the Court ruled that nothing contained in Daily's report would in fact be admissible at trial. The Court noted that, "The role of the expert here is, ostensibly, to testify as to 'proper APD procedures and training,' but his written report is an entirely one-sided opinion on the behavior of these officers, based solely on information provided by the officers themselves." Order at Docket 84 p.5. The plaintiff is thus entitled to a new report which states what Officer Daily intends to testify to at trial, in light of the Court's order.

The defendants made no attempt to provide a report that complied with the Court's order regarding their expert's testimony, until plaintiff's counsel wrote to their counsel on July 17, 2006, and requested such a report. (Exhibit 1). On July 25 they served the plaintiff with a "supplemental" report. (Exhibit 2). As the correspondence between the parties' counsel, filed herewith, demonstrates, the parties disagree as to whether this supplemental disclosure meets the requirements of the Court's order. (Exhibits 3-6).

The defendants are of the opinion that because Daily states that he has now read the plaintiff's deposition, "any concerns in the judge's order about the basis for Daily's conclusions that the officers acted properly should now be moot." Exhibit 4.

The plaintiff, however, points out that even though Daily claims to have read the plaintiff's deposition, he does not take any of her assertions regarding the officers' conduct into account, but

-2-

merely states in a conclusory manner that he still believes that the officers acted properly. (Exhibit 3, Exhibit 5). For example, the plaintiff maintains that she was in fact in the process of producing her identification, as requested by the police officers, when Davis suddenly became enraged and grabbed her wallet from her, and both officers proceeded to handcuff her. Officer Daily does not offer an opinion as to whether this conduct is proper police procedure.

Equally important, he makes no reference to specific police procedures and training in his report, even though the Court specifically ordered that the role of the expert is to testify as to "proper APD procedures and training." He merely makes the conclusory statement that his opinions are based "on my training and experience, state and municipal laws and codes, and the procedures and policies of the Anchorage Police Department." Exhibit 2 p.5-6.

(2)

In paragraph 1 of his supplemental report Daily makes the statement that "APD procedures gave the officers the right and responsibility to stop and contact Berman solely on her admitted actions." He does not refer to any specific procedure that governs this type of situation. As in his original report, he merely applies his understanding of the law to his view of the facts to reach the conclusion that the plaintiff had "committed" the act of Disorderly Conduct. This type of testimony is clearly unhelpful to the jury and not admissible. As previously noted, it is the role of the jury to apply the law to the facts, based on the Court's instructions, not the role of the expert witness. "An expert cannot testify about legal issues on which the court will instruct the jury." *Dowe v. Amtrak,* 2004 U.S. Dist. LEXIS 7233 (N.D. Illinois, Eastern Div., 2004) citing *United States v. Sinclair,* 74 F.3d 753, 757 n.1 (7th Cir. 1996).

In paragraph 2 Daily states:

The traffic and criminal violations admitted to by Berman also gave the officers the

>right and responsibility to demand identification. A drivers license for the traffic violation and identification of a legitimate source for the criminal charge. Both of theses [sic] are normally accomplished with the drivers license, especially if the subject has been driving at the time of the event.

The plaintiff , however, has never admitted to any traffic or criminal violations. Again, it is for the court, or the jury to, decide if the officers had the right to demand identification. In addition, the plaintiff adamantly maintains that she was providing identification at the time the police arrested her. It his hard to see how the statements in this paragraph could be helpful to the jury, as they do nothing to clarify police policy and procedure.

      In paragraph 3, Daily states that Dutton's chasing down Berman and asking for identification after she had already began walking away would be considered a continuation of the initial contact, if there was only a gap of a few seconds between contacts. This appears to be his personal opinion, as he does not reference any police procedure on the issue. It is also not very helpful, as the plaintiff maintains that the officer's statements and actions led her to believe that the initial contact was over.

      In paragraph 4, Daily does note that the plaintiff walked away from Dutton because it was her impression that his contact with her was done. He then makes the rather amazing declaration that, "The important point here is that the police officer felt that he was in the middle of a legitimate investigation and Bermans [sic] actions were indicating to him that she was not cooperating with him, thus causing the escalation of force by Ofc. Dutton . . ." It is obviously not Daily's role to decide what the "important point" is. The jury will hear testimony from both the plaintiff and Dutton regarding their subjective perceptions, to the extent that they are relevant, and will decide which is more reasonable. Obviously, the plaintiff's perceptions are just as "important" as the defendants'. The fact that Officer Daily does not appear willing or able to

appreciate that fact should cast doubt on his ability to give reliable and helpful testimony.

In paragraph 5 Daily states that, "Taking just Bermans [sic] admitted verbal uncooperative actions and her admitted physical uncooperative actions of walking away from Dutton, this would give the officers more than sufficient reason to handcuff her." This is yet another conclusory opinion that ignores the plaintiff's account of events, and does nothing to clarify proper police procedure. The plaintiff states she was in fact cooperating with the officers at the time they handcuffed her.

(3)

Despite three written requests, as well as several discussions by telephone, the defendants continue to refuse to provide a report that complies with the Court's order and Rule 26(a)(2)(B).[1] It is especially important that the defendants provide a report that states what will actually be testified to at trial, because the plaintiff has the right to present testimony at trial to rebut the defendant's expert testimony. Rule 26(a)(2)(C) provides the plaintiff the opportunity to provide a report in rebuttal to the report provided by the defendants under Rule 26(a)(2)(B). Since the defendants have not provided disclosure that meets the requirements set by the Court regarding what the expert may testify about, the plaintiffs do not have a valid report of what will actually be testified to at trial, and thus do not have a report to which to provide rebuttal.

---

[1] Defendants' counsel's most recent letter (Exhibit 6) also addresses the separate but related issue of the plaintiff's discovery requests for police policies. Contrary to counsel's claim, the plaintiff did in fact comply with Local Rule 37.1(a)(2) by including in the first paragraph of the Motion to Compel "a statement as to the reason that a 'Good Faith Certificate' cannot be attached." Furthermore, the fact remains that the defendants' refusal to provide this discovery for close to a year was not justifiable, especially when they were proposing to present expert testimony on the very same issue. Counsel also complains that the stipulation for protective order with regard to the policies was sent to plaintiff's counsel on August 1, but not agreed to until August 22. Defendants' counsel was well aware, however, that plaintiff's counsel was out of town from July 31 until August 14.

(4)

It is apparent that the defendants' intention in calling Officer Daily as a witness, has nothing to do with helping the jury understand police procedures and training.  Rather, they seek to have him essentially tell the jury what conclusions to reach.  Such testimony is clearly improper.  "[T]estimony that does little more than tell the jury what result to reach . . is properly excluded under the Rules." *United States of America v. Michael Barile,* 286 F.3d 749, 760 (4th Cir, 2002), citing *Woods v. Lecureux,* 110 F.3d 1215, 1220 (6th Cir, 1997).  The Advisory Committee Notes to Rule 704 also note that:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions.  Under Rules 701 and 702, opinions must be helpful to the trier of fact . . These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . .

It is also clear that Officer Daily is unlikely to be able to testify with enough objectivity to provide "a general framework regarding proper police conduct which the jury can utilize to determine the specific facts of this case."  Order at Docket 84, citing *McCloughan v. City of Springfield,* 208 F.R.D. 236 (C.D. Illinois 2002).  He has clearly already accepted the officers account of events, and decided that they were right and the plaintiff was wrong.  In his affidavit, originally filed with the Court on March 13, 2006, and re-filed on August 24, 2006 at Docket 104, he states, for example, that,  "With a defendant who exhibits behavior of the type Ms. Berman exhibited, it is very tempting for a police officer to 'throw the book' at such a person.  However, these officers refrained from doing so.  Their professionalism and restraint in dealing with Ms. Berman's behaviors should therefore be applauded."  Exhibit H to Docket 104, p.8.

(5)

Based upon the foregoing, the plaintiff respectfully requests that the Court grant her

motion to exclude the testimony of Officer John Daily, as the defendants have failed to provide a report that complies with the Court's order at Docket 84, that the role of the expert in this case is to clarify proper police procedures.

DATED this 13th day of September, 2006.

/s/ Karen E. Bretz
Karen E. Bretz
Attorney at Law
P.O. Box 91457
Anchorage, AK 99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile
e-mail: kbretz@alaska.net
Alaska Bar No. 9911058

Certificate of Service

I certify that on the 13th day of September, 2006 a true and correct copy of the foregoing document was served electronically on:

    Mary Pinkel, Assistant Municipal Attorney
    Municipality of Anchorage

/s/ Karen E. Bretz
  Karen E. Bretz