KAREN E. BRETZ
ATTORNEY AT LAW

P. O. BOX 91457 • ANCHORAGE, ALASKA 99509
610 C STREET, SUITE 2B • ANCHORAGE
(907) 277-5847 VOICE • (907) 277-5848 FACSIMILE
EMAIL: KBRETZ@ALASKA.NET

Mary Pinkel, Assistant Municipal Attorney
Municipality of Anchorage
P.O. Box 196650
Anchorage, AK 99519-6650
Facsimile: 343-4550

Re:   Berman v. APD, A04-0227 CV (TMB)

July 31, 2006

Dear Mary,

Officer Daily's supplemental report does not cure the deficiencies in the original report, and it is in fact problematic for the same reasons. If you intend to call Officer Daily as a witness, an entirely new report is required which complies with the Court's order that the role of the expert is to "testify as to 'proper APD procedures and training'" and that it is "up to the jury to determine which version of the facts is true, and whether or not the officers exercised proper police procedures in the circumstances." Like the original report, the new report makes no reference to established APD procedures and officer training, and it is in fact Officer Daily's application of his (often incorrect) understanding of the law to his biased view of the facts.

It is important to understand the role of expert testimony in this case. The expert may testify as to proper police procedures and training to the extent that such testimony is relevant, and only to the extent that it does not usurp the jury's role of making factual determinations, or the Court's role of instructing the jury on the correct law to apply.

It is for the jury to decide, for example, whether Ms. Berman's sounding of her vehicle horn four times and later two times, could have given the officers reasonable cause to believe that imminent public danger existed. Whether there was "probable cause" for the detention and arrest of Ms. Berman is also a matter to be decided by the jury. Another example of Officer Daily's unhelpful and conclusory comments is his statement that "Taking just Bermans [sic] admitted verbal uncooperative actions and her admitted physical uncooperative actions of walking away from Dutton, this would give the officers more than sufficient reason to handcuff her." It is up to the jury, not Officer Daily to decide whether Officer Dutton's actions and his statement that "If you do it again, I'll find it in my

heart to cite you" gave Ms. Berman reasonable cause to believe that he was finished talking to her and that she was free to go. It is also up to the jury to decide whether Ms. Berman was in the process of complying with the officers' request for identification when they violently handcuffed and arrested her.

The jury, not Officer Daily, will decide whether, given the totality of the circumstances, Officer Dutton's chasing after Ms. Berman after he had led her to believe that she was free to go constituted a second stop. Officer Daily's conclusory remarks on this issue do not reference any established police procedure and do not take into account all the facts asserted by Ms. Berman. It is also not up to Officer Daily to decide whether the "officer felt that he was in the middle of a legitimate investigation" or to declare that that is the "important point here."

These are but a few examples of Officer Daily's inadmissible and unhelpful comments. Little of the report, in fact, complies with the Court's instructions.

While the Court has stated that you will have the opportunity during trial to request that Officer Daily be allowed to testify to an ultimate issue under Federal Civil Rule 704, it is unlikely that such a motion will be granted, since there is no way for him to offer such an opinion without making credibility determinations and factual findings. The Court cited with approval McCloughan v. City of Springfield, 208 F.R.D. 236 (C.D. Illinois 2002) that the expert's testimony must be limited to "a general framework regarding proper police conduct which the jury can utilize to determine the specific facts of the case" and that allowing the expert to offer his opinion as to whether the officers followed proper police procedures "is improper and is not helpful to the jury."

Please provide a report that complies with the Court's instruction that Officer Daily's testimony will be helpful only to the extent that it can "clarify proper police procedures" without making improper factual and legal conclusions which usurp the roles of the Court and the jury. Once you have provided an appropriate report, we will have the opportunity to provide a rebuttal report pursuant to Federal Civil Rule 26(a)(2)(C).

Very truly yours,

Karen Bretz