KAREN E. BRETZ
ATTORNEY AT LAW

P. O. BOX 91457 • ANCHORAGE, ALASKA 99509
610 C STREET, SUITE 2B • ANCHORAGE
(907) 277-5847 VOICE • (907) 277-5848 FACSIMILE
EMAIL: KBRETZ@ALASKA.NET

Mary Pinkel, Assistant Municipal Attorney
Municipality of Anchorage
P.O. Box 196650
Anchorage, AK 99519-6650
Facsimile: 343-4550

Re:   <u>Berman v. APD</u>, A04-0227 CV (TMB)

August 22, 2006

Dear Mary,

There are at least two significant problems with Officer Daily's reports: (1) They do not reference any specific police procedures or officer training, and (2) they do not take into account Ms. Berman's side of the story.

The fact that Officer Daily states that he has read Ms. Berman's deposition does not, as you claim, cure the Court's concerns regarding the basis of his conclusions. While he claims to have read the deposition, he does not take into account Ms. Berman's assertions regarding the officers' conduct. Most importantly, he does not address her assertions that she was, in fact, complying with the officers' request for identification when they handcuffed her or that Officer Dutton stated, "If you do it again, I'll find it in my heart to cite you," which led Ms. Berman to believe that she was free to go.

If Officer Daily believes that it is proper police procedure for a person to be arrested who is in fact complying with an officer's request, then he needs to explicitly say so and refer to the specific police procedure that sanctifies this conduct.

I believe that you misinterpret the concerns raised in my July 31 letter. The Court's order makes clear that Officer Daily may testify as to proper police procedure and officer training. <u>However, his report makes no reference to such procedures and training.</u> It is improper for Officer Daily to state in a conclusory manner that his opinions are based on proper police procedures and training. <u>He must specifically state which procedures and training the officers were following when they engaged in the conduct that is the subject of Ms. Berman's complaint.</u>

We requested information about police procedures and officer training through discovery almost a year ago. Until recently, you have adamantly claimed that such information was irrelevant and privileged. Now that you have finally agreed to produce the requested information, we are entitled to have an expert render an opinion on whether the policies conform to "industry standards" and whether they were in fact followed in this case. You have refused to provide relevant discovery for almost a year, while proposing to introduce expert testimony on that very subject, and now you claim that we cannot have an expert review the information based on lack of "timeliness." This is nonsensical. In addition, Civil Rule 26(a)(2)(C) clearly states that we may provide a report in rebuttal within 30 days of your disclosure. Since you have yet to provide an expert report which complies with the Court's order with respect to the requirements for expert testimony on this subject, you have not yet made the proper disclosure under Civil Rule 26(a)(2)(B).

Since you have refused to provide a report which complies with the Court's order despite our repeated requests, we will renew our request to the Court that Officer Daily's testimony be excluded at trial.

Very truly yours,

*Karen Bretz*

Karen Bretz