Mary B. Pinkel
Assistant Municipal Attorney
Municipality of Anchorage Department of Law
Civil Division
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545 (phone)
(907) 343-4550 (fax)
uslit@muni.org

Attorney for the Defendants
Police Department, Officer Robert Dutton,
And Sergeant Gil Davis

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| OFFICER ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

U.S. District Court Case No. 3:04-cv-227-TMB

## THE DEFENDANTS' OPPOSITION TO

## PLAINTIFF'S MOTION IN LIMINE NO. 1

### INTRODUCTION

For the reasons outlined below, the Municipal Defendants respectfully request that

the court deny the Plaintiff's Motion in Limine No. 1.  Contrary to the Plaintiff's

arguments, the testimony of Chih and Sharon Chen is highly relevant to the officers'

conduct in stopping, detaining, arresting and handcuffing Ms. Judy Berman on April 6,

2002.

## ARGUMENT

Federal Rule of Evidence 402 provides that "all relevant evidence is admissible,

except as provided by the Constitution of the United States, by Act of Congress, by these

rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority."

*Id.*    In addition, "evidence which is not relevant is not admissible." *Id.*    " 'Relevant

evidence" means evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable that it

would be without the evidence."  Federal Rule of Evidence 401.

The testimony of Chih and Sharon Chen is highly relevant to the issues in this

lawsuit, as it lends credibility to the decision of the Officers to investigate Ms. Berman's

behavior; to seek her identification; and to continue to pursue her after she continued to

evade their scrutiny.  It is also relevant to their ultimate conclusion that they had probable

cause to arrest her for resisting an officer.

The Chens witnessed Berman's menacing and explosive behavior that had been

directed at them in the Carrs' Huffman parking lot.  Ms. Chen will testify that as she and

her husband exited their mini-van, Ms. Berman waved her arms and screamed at them.

In the Chens' view, Ms. Berman's behavior was rude, abusive and intimidating.  Both

Mr. and Ms. Chen wondered if Ms. Berman was on drugs or under the influence of

alcohol. It was their impression that Ms. Berman was acting abnormally, and that she might get violent or hurt them or their car. Thus, the Chens lend credibility to Officer Dutton and Sergeant Davis's decision to stop Ms. Berman to investigate her behavior, as it appeared to be motivated by road rage or domestic violence. Both officers contend that Ms. Berman was disturbing the peace and violating the horn ordinance. The Chens' testimony in that regard is thus highly relevant to Ms. Berman's claim that the officers illegally stopped and detained her.

The testimony of the Chens, in particular Ms. Chen, will also have relevance to the claims of false arrest, excessive force and unreasonable search. The Chens witnessed the interaction between the officers and Ms. Berman after Officer Dutton stopped Ms. Berman. Ms. Chen heard Berman tell one of the officers that she was going to "sue" him and that she was a "U.S. citizen," when all that the officer had done was approach Berman and begin speaking with her. Thus, Ms. Chen in particular is a witness to Ms. Berman's resistance to the officers' attempts to investigate her conduct further and thus their decision to arrest her for resisting an officer.

The Chens will also testify that the police intervention made them feel safe. The fact that the Chens felt the officers were there to protect their safety is also relevant. Officers Dutton and Davis will testify that they stopped and investigated Ms. Berman's behavior because they had a duty to protect the public from violent behaviors. The fact that the Chens welcomed the intervention thus lends further credibility to the officers' actions towards Berman.

Ms. Berman contends that because the Chens did not tell the Officers that Ms. Berman's conduct made them feel threatened, that their testimony should be discounted. She erroneously states that Dutton "never had any concern that the plaintiff might be violent" because he "intended to release her once she had produced identification." Plaintiff's Motion in Limine No. 1, page 4.  She also erroneously states that the Chens "did not witness the officers' contact with the plaintiff."  *Id.* However, the Plaintiff fails to recognize the fact that the officers were concerned about a gradually escalating series of behaviors by Ms. Berman.  Therefore, the Chens' testimony corroborates the concerns the Officers had about Ms. Berman.  Moreover, the Chens, especially Ms. Chen, did witness the interaction between the officers and Ms. Berman.[1]

The Plaintiff erroneously contends that the Defendants wish to call the Chens as witnesses to "attempt to portray the Plaintiff in a negative light, and to create prejudice against her in the minds of the jury members."  Plaintiff's Motion in Limine No. 1, page 5.  The defendants do not seek to create "prejudice" in the minds of the jury with regard to Ms. Berman.  The Chens' testimony will be helpful to the jury, as it will help the jury understand why it is necessary for police officers to respond to road rage or domestic violence disturbances.  Had the officers not responded as quickly or as responsively as they had, Ms. Berman could have acted violently toward the Chens.  The Chens'

---

[1] While it is true that the Chens exited their mini-van after being harassed by Ms. Berman, Ms. Chen will testify that she continued to witness the interaction between Ms. Berman and the officers from an area near the store entrance.

Opposition to Plaintiff's Motion in Limine No. 1
Case No. 3:04-cv-227-TMB
Page 4 of 5

gratitude towards the police is therefore relevant to the reasonableness of these officers'

behavior towards Ms. Judy Berman.

### **CONCLUSION**

For the reasons outlined above, the Defendants respectfully request that the court

deny the Plaintiff's Motion in Limine No. 1.  Contrary to the Plaintiff's arguments, the

testimony of Chih and Sharon Chen is highly relevant to the officers' conduct in

stopping, detaining, arresting and handcuffing Ms. Judy Berman on April 6, 2002.

Respectfully submitted this 15th day of September, 2006.

JAMES N. REEVES
Municipal Attorney

By:   s/ Mary B. Pinkel
     Municipal Attorney's Office
     P.O. Box 196650
     Anchorage, Alaska 99519-6650
     Phone: (907) 343-4545
     Fax: (907) 343-4550
     E-mail: uslit@muni.org
     Alaska Bar No. 8505030

The undersigned hereby certifies that on 09/15/06 a
true and correct copy of the *Opposition to Plaintiff's
Motion in Limine No. 1 & Order* was served on:

- Karen Bretz

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.
 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office