Mary B. Pinkel
Assistant Municipal Attorney
Municipality of Anchorage Department of Law
Civil Division
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545 (phone)
(907) 343-4550 (fax)
uslit@muni.org

Attorney for the Defendants
Police Department, Officer Robert Dutton,
And Sergeant Gil Davis

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JUDY L. BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| OFFICER ROBERT DUTTON, and | ) |
| SGT. GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

U.S. District Court Case No. 3:04-cv-227-TMB

## THE DEFENDANTS' OPPOSITION TO

## PLAINTIFF'S MOTION IN LIMINE NO. 2

### INTRODUCTION

For the reasons outlined below, the Municipal Defendants respectfully request that the court deny the Plaintiff's Motion in Limine No. 2. Contrary to the Plaintiff's arguments, the expert testimony of Officer John Daily will be helpful to the jury in

assessing the officers' conduct in stopping, detaining, arresting and handcuffing Ms. Judy Berman on April 6, 2002. In light of the court's earlier ruling of May 23, 2006, the Municipality has now twice supplemented its expert disclosures to address the concerns expressed by the court. Pursuant to Federal Rule of Evidence 702, the expert testimony of John Daily will be helpful to the jury. Therefore, Officer Daily should be allowed to testify as an expert as to the ultimate issue of the reasonableness of the officers' conduct, as allowed Federal Rule of Evidence 704.

## ARGUMENT

In its earlier decision of May 23, 2006, the court stated as follows:

> Ms. Berman disputes the facts as set forth in the police reports. The jury is responsible for evaluating the credibility of the witnesses and determining the facts. To the extent that Officer Daily can clarify proper police procedures, his testimony will be useful to the jury. It ultimately is up to the jury to determine which version of the facts is true, and whether or not the officers exercised proper police procedures in the circumstances. Whether or not Officer Daily should be permitted to testify to the ultimate issue of whether the officers acted appropriately in this case cannot reasonably be determined at this juncture. During trial, Defendants will have the opportunity to renew their request to allow Officer Daily to testify to an ultimate issue, as permitted by F.R.E. 704.

Order re: Motion to Exclude expert testimony, Docket 36, in Case No. 3:04-cv-227 TMB, page 6. In its order, the court indicated that Officer Daily's initial expert report, authored on November 18, 2005, was entirely one-sided, as it appeared to have been based mainly on the officers' police reports. *Id.* In addition, see, Exhibit A, expert report of Daily dated November 18, 2005. However, at the time of the November 18, 2005 report, Ms. Berman had not yet been deposed.

Since the court's order of May, 2006, the Municipality has twice supplemented its expert disclosures. These two supplemental disclosures address the court's earlier concerns. For example, in his supplemental report of July 18, 2006, Officer Daily discusses the deposition of Ms. Berman. See, Exhibit B, supplemental expert disclosures dated July 25, 2006, containing supplemental expert report of John Daily dated July 18, 2006. Daily reviews Ms. Berman's version of events and notes that her testimony reveals the following facts: that the incident that initiated the police involvement was her horn honking; that her honking was a result of her displeasure regarding a parking spot; that her honking was not authorized by the Anchorage Municipal Code; that she walked away from Officer Dutton because in her view the contact was done; that the officer's view was different regarding the contact; that Berman admitted to being verbally uncooperative with the officers; and that Ms. Berman was not told she was under arrest. Exhibit B**,** supplemental report dated July 18, 2005, pages 1-2. Therefore, Daily's supplemental report takes into account Ms. Berman's version of events. In addition, the Municipality indicated in that supplemental expert disclosure that it would provide the policies and procedures relied on by Daily as soon as the Plaintiff signed the stipulation for a protective order concerning those policies. See, Exhibit B.

On August 25, 2006, the Municipality again supplemented its Expert Disclosure and at that time provided policies and procedures relied on by Daily. See, Exhibit C.[1]

---

[1] It should be noted that Daily's initial report referenced the applicable Anchorage Municipal Code sections and Alaska statutory provisions he had relied on. See, Exhibit A.

The supplemental disclosure containing APD policies and procedures relied upon by Daily had been delayed by nearly a month due to the fact that the Plaintiff's counsel had failed to contact the Defendants' counsel to let defense counsel know that the stipulation was acceptable.[2]

Officer Daily should therefore be allowed to testify as to the ultimate issue of the reasonableness of the Officer's actions towards Ms. Berman.  Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in he form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In this case, because Officer Daily's testimony meets the requirements of Federal Rule of Evidence 702, his testimony will assist the trier of fact in determining the reasonableness of the officers' handling of the situation with Ms. Berman.  The testimony is based upon his review of the deposition testimony of the chief witnesses -- Officers Dutton, Davis and Ms. Berman -- and his actual interview with Hsuejhen (Sharon) Chen, one of the targets of Ms. Berman's explosive behavior.  In addition, his opinion is based on his review of the Anchorage Municipal Code, Alaska Statutes, and APD policies and

---

[2]  See, letters from Mary Pinkel to Karen Bretz dated August 4, 2006, August 22, 2006 and August 30, 2006, attached as Exhibits D, E and F respectively.  It should also be noted that while the Plaintiff's counsel was on vacation for part of the period from late July to late August 2006, the Plaintiff herself caused some delay in the response even after her counsel had returned from vacation.

procedures concerning arrest, traffic crimes and the use of force. See, Exhibit C. Thus, Officer Daily's testimony is the product of reliable principles and method, and he has applied the principles and methods reliably to the facts of this case. For that reason, the court should allow his testimony at trial.

Moreover, Federal Rule of Evidence 703 allows experts to rely upon data from various sources: (1) firsthand observation; (2) presentation at the trial; and (3) presentation of data to the expert outside of court and other than by his own perception. Therefore, in forming his opinion at trial, Officer Daily can rely on trial testimony and other data that experts in his field rely upon when forming opinions.

Finally, Officer Daily should be allowed to testify concerning the ultimate issue: the reasonableness of Officers' Dutton's and Davis's conduct in dealing with Ms. Berman's explosive and erratic behavior in the Carrs Huffman parking lot. See, Federal Rule of Evidence 704. As Officer Daily's report and testimony will show, a patrol officer needs to be able to respond to all kinds of emergencies on a second's notice. He must act quickly to protect the public based on limited information. Daily's twenty plus years with the department, his teaching experience at the Police Academy, and his knowledge of the Anchorage Municipal Code and Alaska statutes qualify him to testify as to the reasonableness of the officers' conduct.

## CONCLUSION

For the reasons outlined above, the Defendants respectfully request that the court deny the Plaintiff's Motion in Limine No. 2. Pursuant to Federal Rule of Evidence 702,

the expert testimony of Officer John Daily will be helpful to the jury in its assessment of the officers' conduct in stopping, detaining, arresting and handcuffing Ms. Judy Berman on April 6, 2002. Officer Daily should therefore be allowed to testify as to the reasonableness of the officers' conduct, as allowed by Federal Rule of Evidence 704.

Respectfully submitted this 19th day of September, 2006.

JAMES N. REEVES
Municipal Attorney

By:  s/ Mary B. Pinkel
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 8505030

The undersigned hereby certifies that on 09/19/06 a true and correct copy of the *Opposition to Plaintiff's Motion in Limine No.2 & Order* was served on:

- Karen Bretz

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office