

# Municipality of Anchorage

P.O. Box 196650 • Anchorage, Alaska 99519-6650 • Telephone: (907) 343-4545 • Fax: (907) 343-4550  http://www.muni.org

*Mayor Mark Begich*

**Office of the Municipal Attorney**
Civil Division

August 4, 2006

Karen Bretz
610 C Street, Suite 2B, Box 91457
Anchorage, AK 99509
*Via email and regular mail*

Re:  *Berman, Judy vs. Anchorage Police Department et al.*
     Case #: 3:04-cv-227-TMB
     Our file #: L04-0432
     **Supplemental expert disclosure**

Dear Karen:

We have now provided you with the supplemental expert disclosure of the Municipality, which contains Officer Daily's supplemental report of July 18, 2006. In addition, we will provide you with pertinent police policies and procedures after you and Ms. Berman have signed a stipulation to protective order. I emailed you a draft of the stipulation for protective order on August 1, 2006 and will finalize the stipulation after you have approved it. Please contact me at your earliest convenience so that I can finalize the stipulation, obtain your signature, and provide you with the policies. Hopefully, these policies will dispel the concerns you expressed in your July 31, 2006 letter to me.

In regard to your letter of July 31, 2006, I disagree with the statements in that letter concerning the judge's order on the motion to exclude our expert John Daily. The supplemental expert report of Officer Daily indicates that Officer Daily has now had the opportunity to read Ms. Berman's deposition. Therefore, any concerns in the judge's order about the basis for Daily's conclusions that the officers acted properly should now be moot. (At the time of his November, 2005 report, Ms. Berman had not yet been deposed and Officer Daily therefore had not had the opportunity to review her deposition transcript yet.) In view of the undisputed facts gleaned from reading Ms. Berman's deposition, Officer Daily has now supplemented his report. Therefore unlike the expert testimony considered by the 7th Circuit in *McCloughlin*, this expert report is not an opinion on the credibility of witnesses.

Exhibit D  Page 1 of 2

*Community, Security, Prosperity*

In addition, in your letter you misinterpret Rule 26. Contrary to what you say, Officer Daily can rely on police policies and procedures in his testimony. His report and supplemental report are an articulation of what he understands as police policies concerning arrest, traffic enforcement and response to resistance in the context of the Berman fact situation. Moreover, the policies that we will provide you with are an exhibit to his report and constitute "data or other information considered by the witness" and also constitute "exhibits to be used" as support for his opinions. See, Federal Rule of Civil Procedure 26 (a) (2).

Moreover, you imply that you are allowed at this late date to seek expert testimony to rebut Officer Daily's report. However, Rule 26 and the court's scheduling order simply do not allow you to do so. Officer Daily's report was disclosed on November 18, 2005. Ms. Berman has never sought to provide expert testimony, and it is now too late for her to do so. Rule 26 (a) (2) (C) regarding supplementation of expert disclosures would only apply had Ms. Berman originally submitted expert disclosures, which she chose not to do. Officer Daily's supplemental report, now that he has had the chance to see Ms. Berman's "side" of the story through her deposition testimony, along with the policies and procedures of APD that are pertinent, should clarify for the judge the fact that Daily can testify not only to policies and procedures, but to the fact that the Officers, Davis and Dutton, acted in compliance with those procedures in April, 2002 when they apprehended and arrested Ms. Berman. Please call me if you have any questions or concerns about any of the foregoing.

Very truly yours,

*Mary B. Pinkel*

Mary B. Pinkel
Assistant Municipal Attorney