

# Municipality of Anchorage

P.O. Box 196650 • Anchorage, Alaska 99519-6650 • Telephone: (907) 343-4545 • Fax: (907) 343-4550  http://www.muni.org

*Mayor Mark Begich*

**Office of the Municipal Attorney**
Civil Division

August 30, 2006                                          via hand-delivery

Karen Bretz
610 C Street, Suite 2B, Box 91457
Anchorage, AK 99509

Re:   *Berman, Judy vs. Anchorage Police Department et al.*
      Case #: 3:04-cv-227-TMB
      Our file #: L04-0432

Dear Karen:

This letter is in response to the letter I received from you on 8/23/06 concerning John Daily's reports. In your letter, you misstate the contents of his reports. You also misstate the history of the discovery process in this case.

The Discovery process
Earlier this year, when she was without counsel, Ms. Berman moved to compel the police policies without having certified to the court under Civil Rule 37 that she had conferred with opposing counsel. The judge noted this fact at our July, 2006 status conference and suggested that the parties attempt to reach an agreement on discovery. You and I reached a tentative agreement on this discovery. On August 1, 2006, I therefore emailed and mailed you a copy of a stipulation for a protective order with regard to the policies, since APD cannot release those policies without a protective order. On August 22, 2006, having not heard whether Judy had approved the proposed stipulation, I again wrote you to see if she had agreed to it. As soon as you indicated that she had, I filed the revised stipulation with the court. On August 25, 2006, as soon as the court had approved the stipulation of the parties, I provided you with the applicable policies. Therefore, any delay or confusion regarding the provision of the police policies has been the result of Ms. Berman's actions and inactions and not the Municipality's.

Officer Daily's reports
Second, in regard to John Daily's reports, those reports comply with Civil Rule 26 and with Evidence Rules 702 and 704. We could not provide the police policies earlier, as Ms. Berman had not agreed to our stipulation for protective order. Officer Daily's

*Community, Security, Prosperity*

supplemental expert report of July 18, 2006 addresses the concerns the judge articulated in his May, 2006 Order with respect to Ms. Berman's version of events. (Officer Daily had not had the benefit of reviewing Ms. Berman's deposition when he wrote his first report.) Moreover, our supplemental expert disclosure of August 25, 2006 provides you with applicable policies relied upon by Daily as required by Civil Rule 26 (a) and (e).

Contrary to your statements, we have made every attempt to supplement our expert disclosures. We are confident that the court will allow Officer Daily to testify as to the ultimate issue as permitted by Federal Rule of Evidence 704, as his report will be useful to the jury.

Please contact me if you have further questions.

Very truly yours,

Mary B. Pinkel
Assistant Municipal Attorney